UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAHIM VISRAM and SHERMINA VISRAM, <br><br> Plaintiffs, <br> VS. <br><br> DARRYL FLOOD WAREHOUSE & MOVERS, INC. – HOUSTON and ALLIED VAN LINES, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. H-05-0469 |

## MEMORANDUM AND ORDER

This suit arises from a contract between Plaintiffs and Defendants Allied Van Lines, Inc. ("Allied") and its agent, Darryl Flood Warehouse & Movers, Inc. – Houston ("Flood"), for the shipment of Plaintiffs' furniture from Houston, Texas to Edmonton, Alberta, Canada. Plaintiffs allege that, in choosing to hire Defendants to transport the furniture, they relied upon Flood's representation that the goods would be shipped to their destination immediately upon receipt by Defendants. Instead, according to Plaintiffs, Flood stored the furniture at its warehouse for several days. During this time, Plaintiffs claim, the trailer containing the furniture was vandalized and some of the furniture stolen or damaged.

Plaintiffs originally filed suit in Texas state court, raising common law claims of breach of contract, bailment, negligent misrepresentation, fraudulent inducement, negligence, and intentional misrepresentation. Plaintiff also asserted a statutory claim under the Texas Deceptive Trade Practices Act. Defendants removed to this Court and

1

subsequently moved for summary judgment, arguing that all of Plaintiffs' claims were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. In response, Plaintiffs sought and received permission to amend their Complaint to assert, in the alternative, claims under the Carmack Amendment. Because Plaintiffs' First Amended Complaint reasserts the aforementioned state law claims (*see* Pls.' 1st Am. Compl. at 4-5 ¶ 5(b)), the Court construes Defendants' summary judgment motion as applying to Plaintiffs' state claims as alleged in the First Amended Complaint.

The Fifth Circuit has held that the Carmack Amendment completely preempts state causes of action "arising out of the interstate transportation of goods by a common carrier." *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 544 (5th Cir. 2005). The parties here agree that Defendants are common carriers and that the goods at issue were transported in interstate commerce. Plaintiffs argue, however, that their fraudulent inducement claim, if successful, will void the transportation agreement and, therefore, render the Carmack Amendment inapplicable.[1] (Pls.' Resp. to Defs.' Mot. for Summ. J. at 1-2.)

The Carmack Amendment was intended to create a uniform national policy regarding the liability of common carriers for lost or damaged goods shipped under a bill of lading. *See Air Prods. & Chemicals, Inc. v. Illinois Cent. Gulf R.R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983). The Fifth Circuit has held that the Amendment preempts state fraud claims. *See, e.g.*, *Moffitt v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993). Other federal courts have reached the same conclusion. *See, e.g.*, *Smith v. United Parcel*

---

[1] Plaintiffs also argue, in their response to the motion for summary judgment, that their state breach of contract claim should survive because it is also cognizable under the Carmack Amendment. Because Plaintiffs' First Amended Complaint states a separate claim for breach of contract under the Carmack Amendment, the Court deems this argument moot.

*Serv.*, 296 F.3d 1244, 1246-48 (11th Cir. 2002) (collecting cases); *Richter v. N. Am. Van Lines, Inc.*, 110 F. Supp. 2d 406, 411 (D. Md. 2000):

> Theories of recovery pertaining to how the agreement to ship was entered into, what was represented by the carrier's agent, how the goods were to be packed, when they were supposed to arrive, or what the special needs of the shippers might have been[ ] all relate to the contract of shipment. Insofar as the Carmack Amendment seeks national uniformity with regard to the interstate shipment of goods, it makes sense to merge all such claims into Carmack Amendment actions.

Because all of Plaintiffs' state law claims pertain to the agreement to ship goods in interstate commerce, therefore, those claims are preempted by the Carmack Amendment. Defendants' motion for summary judgment is, accordingly, **GRANTED** with respect to those claims, which are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of February, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**